IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                         No. CIV S-08-1094 MCE KJM PC

   vs.

J. MASON, et. al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983 for violation of his constitutional rights. The court has before it defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.

I. <u>Standard of Review for 12(b)(6) Motion to Dismiss</u>

        In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

        In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007). In other

words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

II.  Factual Allegations of the Complaint

At all relevant times, plaintiff was a prisoner at High Desert State Prison ("HDSP") and defendants Mason and Abamonga were correctional officers assigned to HDSP. Compl. at 5-6.[1] On October 28, 2007, Mason and Abamonga came to plaintiff's cell door and ordered him to "cuff up" behind his back with a single pair of handcuffs because they needed to administer a daily insulin shot to his cellmate. Id. ¶¶ 7, 12.  Plaintiff told both defendants he had a medical condition that required him to be cuffed with waist restraints or "martin chains" and showed both defendants his "comprehensive accommodation chrono" as proof. Id. ¶ 7; see also id. at 26 (copy of chrono). In response to plaintiff's verbal requests to have the medical chrono followed, Abamonga stated there was nothing wrong with plaintiff and continued to insist that plaintiff cuff up behind his back. Id. ¶ 9. Plaintiff then informed defendants he was going to file a "602," or grievance against them for interfering with his prescribed treatment. Id. ¶ 10. Abamonga responded, "who cares my partner will write you up for obstructing a peace officer and we are covered." Id. ¶ 11. Plaintiff proceeded to cuff up as ordered. Id. ¶ 12.

On November 12, 2007, plaintiff was issued a Rules Violation Report (RVR), falsely authored and fabricated by Mason, charging him with obstructing a peace officer. Compl. ¶¶ 13-15. Plaintiff avers that the issuance of the RVR chilled his filing of a grievance. Id. ¶¶ 6, 16, 17, 19. On December 11, 2007, plaintiff was found not guilty of the charge contained in the

---

[1] Page references are to those assigned by the court's CM/ECF system.  Paragraph references are to numbers assigned by plaintiff to statements on pages 5 to 11.

RVR. Id. ¶ 21. On January 6, 2008, nearly a month after the not guilty finding, plaintiff submitted an inmate 602 appeal form against both defendants alleging retaliation based on the filing of the RVR against him. Id. at 17; cf. id. ¶ 18.

III. Analysis

At the outset, defendants assert the complaint should be dismissed because plaintiff "has no constitutional right to be free from wrongfully issued RVRs and he suffered no harm from the issuance of the RVR, which was ultimately dismissed without any adverse action taken against [him]." Mot. to Dismiss at 5. However, a fair reading of the complaint is that plaintiff is pleading a section 1983 claim for retaliation in response to the exercise of his First Amendment right to file prison grievances. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Even accepting that plaintiff has no constitutional right to be free from the alleged underlying misconduct of issuance of a false RVR by defendants, and that plaintiff did not suffer harm because the RVR was dismissed without adverse consequences, these arguments are not dispositive of the question whether the complaint states a viable First Amendment claim of retaliation. See, e.g., Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

A. Retaliation

The Ninth Circuit has explained that "purely retaliatory actions taken against a prisoner for having exercised his right to file prison grievances necessarily undermine that right; therefore such actions violate the Constitution apart from any underlying misconduct the right is designed to shield." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2004). To state a claim of First Amendment retaliation within the prison context, plaintiff has to plead sufficient facts to establish five elements: (1) an assertion that a state actor took some adverse action against the inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Id. at 567-68. With respect to the fourth element, a total chilling effect is not required, because "[s]peech can be chilled even when not completely silenced". Id.

at 569. A "proper First Amendment inquiry asks 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'" Id. With this understanding, allegations that a plaintiff's First Amendment rights were chilled, though not necessarily silenced, may be enough to perfect a claim. Id.

Other judges of this court have found allegations of adverse actions by prison officials in response to a prisoner's expression of intent to file a grievance sufficient to state a claim for retaliation. See Fuller v. CDCR, No. CIV S-04-1276 FCD PAN P, Docket No. 37 at 6:15-17 (finding allegations that defendant retaliated against plaintiff for expressing intent to file grievance state a claim for relief; adopted in relevant part at Docket No. 42); Wilkerson v. Wheeler, No. CIV S-06-1898 FCD EFB P, Docket No. 46 at 9 n.8 (noting in Findings & Recommendations on defendants' motion for summary judgment that expression of intent to file grievance is a protected First Amendment activity). Defendants do not cite authority for the more narrow interpretation they offer for what constitutes protected activity. See Mot. to Dismiss at 7; Reply at 2.

Taking into account the standards of review governing this stage of the proceedings, the court finds that plaintiff has pled a First Amendment retaliation claim in the complaint. Plaintiff has alleged that (1) defendants fabricated a false RVR (2) because (3) plaintiff informed them he was going to file a grievance against them, (4) the fabrication of the RVR in conjunction with the subsequent disciplinary proceedings chilled plaintiff's exercise of his First Amendment rights, and (5) the actions of defendants did not reasonably advance a legitimate correctional goal. Compl. ¶¶ 6, 10, 11, 14, 19, 20.

B. Conspiracy

In addition to his First Amendment retaliation claim, plaintiff also alleges conspiracy. In order to state a claim for conspiracy under section 1983, a plaintiff must plead specific facts suggesting mutual understanding among conspirators to deprive the plaintiff of his constitutional rights. Conclusory allegations are not sufficient. See Duvall v. Sharp, 905 F.2d

1188, 1189 (8th Cir. 1990); <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).

On October 28, 2007, and in the presence of both defendants, plaintiff expressed his intent to file a grievance. Compl. ¶ 10. Abamonga replied he did not care because his partner would write plaintiff up for obstructing a peace officer and "they would be covered." <u>Id.</u> ¶ 11. Then on November 12, plaintiff alleges, defendant Mason issued the fabricated RVR. <u>Id.</u> ¶¶ 13, 19. These factual allegations are sufficient to plead a mutual understanding between defendants Mason and Abamonga, and thus a valid section 1983 conspiracy claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be denied; and

2. Defendants' answer be filed within thirty days of any order adopting this recommendation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 30, 2009.

_____
U.S. MAGISTRATE JUDGE

ar/2
holl1094.57