IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLEN HOLLIS,

        Plaintiff,                 No. CIV S-08-1094 MCE KJM P

   vs.

MASON, et al.,

        Defendants.          <u>ORDER</u>

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, alleging that defendants handcuffed him behind his back in violation of a medical chrono and that, when he complained about the treatment, defendants falsely accused him of a disciplinary violation. He has filed a number of motions.

I. <u>Motion For A Discovery Order</u> (Docket No. 39)

        Petitioner asks the court to issue a discovery order. On September 24, 2009, the court issued a discovery order and a scheduling order.

/////

/////

/////

/////

II. <u>Motion For A Stay Pending Completion Of Discovery</u> (Docket No. 40)

   Petitioner requests that the case be stayed until the completion of discovery because he will be unable to prepare a reply to the answer until he obtains discovery. Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added). The court has not ordered plaintiff to reply to defendants' answer and declines to make such an order. Accordingly, plaintiff's request for a stay to allow him to prepare a pleading not recognized by the Federal Rules of Civil Procedure is unavailing.

III. <u>Motion For Return Of Legal Property</u> (Docket No. 43)

   Plaintiff alleges that on October 14, 2009 correctional officials took his personal legal books, his copy of the complaint and the discovery order, and supporting materials relevant to this action and, as such, he is unable to complete discovery. He also alleges he has not been given access to legal materials stored while he is in administrative segregation. He asks the court to order a status report from the litigation coordinator about the return of his materials and for an extension of time in which to conduct discovery. Defendants have not opposed the motion.

   Because plaintiff has made a colorable showing that he cannot proceed with discovery, the court will ask counsel for defendants to provide this court with information about plaintiff's access to his legal materials.

/////
//////
/////
/////

IV.  Motion For The Appointment Of An Expert Witness

Plaintiff asks for the appointment of a witness who "is fair and impartial" and an expert in "the function, operation, training of staff, design and custody." He specifically asks for the appointment of Jeanne Woodford, former Director of the California Department of Corrections and Rehabilitation.

Although it is not entirely clear, it appears that plaintiff is asking for the appointment of an independent expert witness under Federal Rule of Evidence 706, a matter within a court's discretion. Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Appointment may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. . . ." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997). Plaintiff has not explained how the requested testimony about design, custody and the training of staff will help the jury decide whether the defendants retaliated against plaintiff or ignored his medical chrono.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for a discovery order (docket no. 39) is denied as moot;

2. Plaintiff's motion for a stay (docket no. 40) is denied;

3. Plaintiff's motion for the appointment of an expert witness (docket no. 46) is denied; and

4. Counsel for the defendants is directed to report, within thirty days of the date of this order, on plaintiff's access to his legal materials.

DATED: December 8, 2009.

_____
U.S. MAGISTRATE JUDGE

2

holl1094.mot

IV.  Motion For The Appointment Of An Expert Witness

Plaintiff asks for the appointment of a witness who "is fair and impartial" and an expert in "the function, operation, training of staff, design and custody." He specifically asks for the appointment of Jeanne Woodford, former Director of the California Department of Corrections and Rehabilitation.

Although it is not entirely clear, it appears that plaintiff is asking for the appointment of an independent expert witness under Federal Rule of Evidence 706, a matter within a court's discretion. Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Appointment may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. . . ." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997). Plaintiff has not explained how the requested testimony about design, custody and the training of staff will help the jury decide whether the defendants retaliated against plaintiff or ignored his medical chrono.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for a discovery order (docket no. 39) is denied as moot;

2. Plaintiff's motion for a stay (docket no. 40) is denied;

3. Plaintiff's motion for the appointment of an expert witness (docket no. 46) is denied; and

4. Counsel for the defendants is directed to report, within thirty days of the date of this order, on plaintiff's access to his legal materials.

DATED: December 8, 2009.

_____
U.S. MAGISTRATE JUDGE

2

holl1094.mot