IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLEN HOLLIS,

    Plaintiff,                    No. CIV S-08-1094 MCE KJM P

   vs.

MASON, et al.,

    Defendants.         ORDER

_____/

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a motion for access to his legal materials, a motion to compel discovery, and a motion to amend his complaint.

I. <u>Access To Legal Materials</u>

       Plaintiff alleges that prison officials confiscated all of his legal materials on October 14, 2009, including his copy of the complaint, the scheduling order in this case and his legal books. He also alleges that legal mail from defendants' counsel has been withheld.

       Counsel for defendants have submitted a declaration from R. Dreith, the Litigation Coordinator from High Desert State Prison, who avers that plaintiff's legal materials were confiscated when he was placed on management status on October 14, 2009. Declaration of R. Dreith ¶ 4. Plaintiff was released from management status, but before he requested the

1

1  return of his property, he was placed back on management status. Id. ¶ 5. Dreith also avers that
2  plaintiff's property was returned to him on November 20, 2009. Id. ¶ 6.

3        Plaintiff contends, however, that his property was not returned and that had it
4  been, there would be a document with his signature reflecting that the material was reissued.

5        Since the motion was filed, plaintiff has been transferred from High Desert State
6  Prison. It also appears that his legal property has been returned to him, as he has filed a motion
7  to amend the complaint.

8        Plaintiff also asked for an extension of time in which to conduct discovery, but
9  has not suggested what he was unable to pursue before his materials were taken from him
10 initially.

11 II. Motion To Amend The Complaint

12       Plaintiff seeks to amend the complaint to clarify some of his allegations against
13 the defendants and to expand on his claim for punitive and exemplary damages. He has provided
14 a copy of his proposed amended complaint. Defendants have not opposed the motion.

15       Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after a responsive
16 pleading has been filed, a party may amend a pleading only with leave of the court. Such leave
17 should be given freely "when justice so requires," but should be denied if amendment would
18 cause undue prejudice to the defendants, is sought in bad faith, is the product of undue delay or
19 would be futile. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).
20 The court does not find any of these factors satisfied here, and so grants the motion.

21 III. Motion To Compel

22       A hearing on the motion to compel is set for May 5, 2010 at 10:00 a.m. in
23 Courtroom Twenty-Six, with plaintiff to appear via videoconferencing.

24       IT IS HEREBY ORDERED that:

25       1. Plaintiff's motion for the return of legal property and for additional time to
26 conduct discovery (Docket No. 43) is denied;

1  2. Plaintiff's motion to amend his complaint (Docket No. 55) is granted;

2  3. The Clerk of Court is directed to file plaintiff's proposed amended complaint

3 (Docket No. 55, Ex. A) as the "Amended Complaint" in this matter;

4  4. Defendants are directed to file their answer to the amended complaint within

5 fourteen days of the date of this order;

6  5. A hearing on plaintiff's motion to compel (Docket No. 48) is set for

7 Wednesday, May 5, 2010 at 10:00 a.m., with plaintiff to appear via videoconferencing; and

8  6. Counsel for defendants is directed to make plaintiff available for

9 videoconferencing at the hearing date.

10 DATED: April 22, 2010.

_____
U.S. MAGISTRATE JUDGE

2

holl1094.ord