IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

      Plaintiff,                       No. CIV S-08-1094 MCE KJM P

    vs.

J. MASON, et al.,

      Defendants.          <u>ORDER</u>

_____/

        This matter was on calendar on May 5, 2010 for a hearing on plaintiff's motion to compel. The court also engaged in a discussion with plaintiff regarding his motion for return of legal property and for law library access. Plaintiff, who is representing himself, appeared via teleconference; Stanton Lee, Deputy Attorney General, appeared for defendants.

        Having carefully considered the parties' written filings and their arguments and comments made at hearing, and good cause appearing, the court orders as follows:

I. <u>The Motion To Compel</u> (Docket No. 48)

        The motion with respect to Request No. 2 is granted, but limited to complaints against Mason and Abamonga from October 28, 2007 through the present; defendants' counsel shall provide these within forty-five days of the date of this order.

/////

1

The motion with respect to Request for Production of Documents, Nos. 5 and 10, is denied as moot. The motion with respect to Request Nos. 8 and 11 is denied. The motion with respect to Request Nos. 1 and 12 is denied as premature, with the understanding that plaintiff will be eligible for preferred user access to the law library within the thirty days preceding a future court deadline.

The motion with respect to Request Nos. 3, 6 and 9 is denied, but with the understanding Mr. Lee will remind the prison's litigation coordinator that plaintiff should be given access to his central file and to his medical file.

The motion with respect to Request No. 4 is denied, in light of the defendants' having produced a twelve page report from the Inmate Appeals Tracking System. If Mr. Lee locates additional reports identifying screened out grievances, he may supplement this production within the next forty-five days.

The motion with respect to Request No. 7 is denied, but Mr. Lee will determine whether employee sign-in sheets are available and if they are provide them within forty-five days.

Both sides have asked for the imposition of sanctions, but the court does not find that sanctions are warranted.

II. <u>Motion For Return of Property And For Law Library Access</u> (Docket No. 57)

Because plaintiff has received his legal property, the portion of the motion seeking its return is denied as moot. His request for law library access also is denied, with the understanding that he will be eligible for preferred user status in the thirty days preceding any future court deadline.

IT IS SO ORDERED.

DATED: May 7, 2010.

_____
U.S. MAGISTRATE JUDGE

2 holl1094.mtc+

2