IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

        Plaintiff,                    No. CIV S-08-1094 MCE KJM P

   vs.

J. MASON, et al.,

        Defendants.          <u>ORDER</u>

                                 /

          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a motion for adequate access to the law library and a motion for the appointment of counsel.

          In support of his motion for law library access, plaintiff avers that he has not been given adequate access to the law library and thus has been stymied in conducting research, making copies of pleadings and motions, and obtaining legal supplies. Defendants have filed an opposition, noting that plaintiff may request access to materials, but is not allowed in the library because of threats to the law library staff. Plaintiff has not countered the law librarian's declaration.

          Plaintiff also has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent

1

indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for adequate law library access (docket no. 64) is denied; and

2. Plaintiff's request for the appointment of counsel (docket no. 66) is denied.

DATED: June 10, 2010.

_____
U.S. MAGISTRATE JUDGE

2/md
holl1094.31