IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

      Plaintiff,                    No. CIV S-08-1094 MCE JFM (TEMP) P

  vs.

J. MASON, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a California prisoner proceeding pro se and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff is proceeding against defendants Mason and Abamonga for claims arising under the First Amendment including conspiracy to violate plaintiff's First Amendment rights. <u>See</u> Orders dated July 8, 2008, and July 31, 2009. This matter is scheduled for trial before the district court judge assigned to this case on November 28, 2011. Several matters are before the court.

I. <u>Corrections To Pretrial Order</u>

        On September 28, 2010, defendants filed a document requesting that the pretrial order be modified. The changes suggested are minor and concern background information regarding exhibits defendants are allowed to present at trial. Good cause appearing, defendants' request that the pretrial order be modified will be granted.

1

II. <u>Request That Plaintiff Be Declared A Vexatious Litigant</u>

Defendants ask that plaintiff be declared a "vexatious litigant" pursuant to Local Rule 151(b) and, as a result, be required to post security before proceeding to trial. On September 24, 2009, the parties were informed that all pretrial motions had to be filed before April 9, 2010. Because defendants have failed to provide any justification for filing their motion to declare plaintiff "vexatious" six months after the deadline for filing motions addressing pretrial matters, their motion will be denied.[1]

III. <u>Request For A Settlement Conference</u>

Plaintiff has requested that the court hold a settlement conference. The record reflects that a settlement conference was held on September 1, 2010 and the case did not settle. Defendants have not responded to plaintiff's request for another settlement conference. In light of these facts, plaintiff's request that the court hold a settlement conference is denied. The court would be inclined to reconsider this request if defendants are amenable to court assisted settlement discussions. If defendants are interested in a further settlement conference, or, as plaintiff suggests, a mediation pursuant to the court's Alternative Dispute Resolution program, they should inform the court as soon as possible.

IV. <u>Motion To Strike</u>

Plaintiff asks that the court strike defendants' reply brief concerning their motion to have plaintiff declared a vexatious litigant because counsel for defendants misrepresented

/////

---

[1] One of the requirements for establishing that a plaintiff is a "vexatious litigant" from whom security is required is a finding that there is not a reasonable probability that plaintiff will succeed on the merits of his claims. <u>See</u> January 6, 2010, Order in <u>Cramer v. Target Corp.</u>, CIV-F-08-1693 OWW SMS P. Defendants have submitted a great deal of evidence in support of their position that plaintiff cannot succeed. If the court were to consider this evidence and the argument that plaintiff cannot succeed on his claims, it would be akin to considering a motion for summary judgment. While the court might relax the pretrial motion filing deadline to consider a motion to sanction a plaintiff who has abused court process, the court does not allow defendants to essentially "back door" a motion for summary judgment filed well past the clear deadline for filing such motions without providing good cause for the delay.

facts. He also requests that defendants be sanctioned. Because plaintiff has not shown that counsel for defendants knowingly misrepresented facts, plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' September 28, 2010, "request for correction of pretrial order" is granted;

2. The September 22, 2010, pretrial order is modified in accordance with the changes suggested in defendants' motion;

3. Defendants' October 5, 2010, motion requesting that plaintiff be declared a "vexatious litigant" is denied;

4. Plaintiff's October 18, 2010, request for a settlement conference is denied; and

5. Plaintiff's November 10, 2010, motion to strike and for sanctions is denied.

DATED: June 29, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

kc
holl1094.abs